# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

PATRICK G. THELEN,

    Petitioner,

v.                                                      Case No. 17-13768

J.A. TERRIS,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT**

This matter initially came before the court on Patrick G. Thelen's *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. #1.) At the time, Petitioner was incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). He challenged a decision by the Federal Bureau of Prisons (BOP) to reduce the amount of time that he would spend in a community corrections center (CCC) or residential re-entry center (RRC) before his mandatory release from federal custody.1[1]

The court denied the habeas petition because Petitioner had no right to placement in an RRC for a specific amount of time. (Dkt. #14.) Now before the court is Petitioner's Motion to Alter or Amend the Judgment. (Dkt. #16.) Petitioner claims that the court made clear errors of law in concluding that he had no protected liberty interest under the Second Chance Act; the statute and regulation in question did not require the BOP to transfer him to an RRC for a specific amount of time; the BOP could shorten his

_____

[1] 1 Petitioner's unit team at FCI-Milan initially recommended that Petitioner be placed in an RRC for 271 to 365 days pursuant to the Second Chance Act, 18 U.S.C. § 624(c)(1). The BOP later reduced the amount of time that Petitioner would spend in an RRC to 120 days.

time in an RRC due to fiscal restraints and a lack of bed space in a Detroit halfway house; and the BOP's actions were not arbitrary, capricious, or an abuse of discretion.

Subsequently, Petitioner notified the court of his change of address to 8333 Townsend Street, Detroit (Dkt. #18), and the government filed a notice urging the court to deny Petitioner's motion as moot because Petitioner was transferred to an RRC on July 3, 2018. (Dkt. #19.) Petitioner filed a reply arguing that his case is not moot because: (1) the denial of his habeas petition doomed his civil rights case, which was based on similar allegations,2[2] and the issue is capable of repetition, yet evading review; and (2) the court did not grant him the relief he sought, which was a declaratory judgment that the BOP's action was unlawful and unconstitutional as applied to him. (Dkt. #20.)

Petitioner brings his motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate,* 858 F.2d 322, 326 (6th Cir. 1988)). There are four bases for a court to alter or amend a judgment pursuant to Rule 59(e): "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal citation omitted). This standard is consistent with the "palpable defect" standard found in this district's local rules. *Id.* Under Local Rule 7.1, the court generally

---

[2] *See Thelen v. J.A. Terris, et al.*, No. 18-11156 (E.D. Mich 2018).

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3) (E.D. Mich. July 1, 2018).

Petitioner's arguments—that the BOP is violating its own statutory and regulatory obligations, that the statute and regulation are mandatory, and that he has a cognizable liberty interest in community confinement—are the same arguments that he presented to the court in his habeas petition. "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (internal citation omitted). Furthermore, for the reasons given in the court's dispositive opinion, the court does not believe that it made a clear error of law or a palpable defect when it concluded that Petitioner was not entitled to the relief he sought. Petitioner's disagreement with the court's legal analysis may be grounds for an appeal[1] but, without more, does not provide a basis for a 59(e) motion.

Finally, to the extent the habeas petition sought an immediate transfer to an RRC or to home confinement, Petitioner's motion to alter or amend the judgment is moot because he was transferred to an RRC after he filed his motion. *See* Notice of Petitioner's Transfer and Suggestion of Mootness, Dkt. #19, Ex. 1, PageID 130; *see also* https://www.bop.gov/inmateloc/ (accessed last on January 8, 2019). This case has "lost its character as a present, live controversy." *Hall v. Beals*, 396 U.S. 45, 48 (1969); s*ee Demis v. Sniezek,* 558 F.3d 508, 513 (6th Cir. 2009) (concluding that, because the

---

[1] As the court previously ordered, Petitioner may appeal *in forma pauperis* and does not need a certificate of appealability to do so.

petitioner was transferred to a CCC while his habeas petition was pending before the District Court, and because he was released from custody during the pendency of his appeal, "no actual injury remain[ed] that the Court could redress with a favorable decision" and, therefore, the court was required to dismiss the appeal as moot). Moreover, the problem is not "capable of repetition, yet evading review," *Beals*, 396 U.S. at 49, because the BOP's records indicate that Petitioner is scheduled for release from custody on April 3, 2019. *See* https://www.bop.gov/inmateloc/. Accordingly,

IT IS ORDERED that Petitioner's Motion to Alter or Amend Judgment (Dkt. #16) is DENIED.

        s/Robert H. Cleland      
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: January 11, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 11, 2019, by electronic and/or ordinary mail.

        s/Lisa Wagner      
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-13768.THELEN.DenyMotiontoAlterorAmendJudgment.docx